UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE CALVIN BANKS,

    Petitioner,

v.                        Case No. 2:05-CV-396-FTM-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause comes before the Court on Petitioner's "Writ of Habeas Corpus Article 1, Section 9, Clause 2 this Honorable Court was without Jurisdiction in my case petitution [sic] will be Release immediately" (Doc. #1), in which Petitioner seeks to re-litigate the issues he raised unsuccessfully in his Section 2255 motion.[1]  See Criminal Case No. 2:02-cr-56-FTM-29DNF and the corresponding Civil Case No. 2:05-cv-127-FTM-29DNF.

A § 2241 petition is "used to attack the manner in which a sentence is executed. [ ] A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion." Jeffers v. Chandler, 253 F3d 827, 830 (5th Cir. 2001)(citations omitted); Medberry v. Crosby, 351 F.3d 1049, 1062 n. 8 (11th Cir. 2003), cert. denied, 541 U.S. 1032

---

[1] On April 1, 2005, the Court dismissed petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 as untimely, or in the alternative as without merit.

(2004). A review of petitioner's "Writ," reflects arguments that are more properly brought on as a § 2255 petition.

**I.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) bars federal prisoners from attacking their convictions through successive habeas corpus petitions except under very limited circumstances. Successive applications may be heard only after an appellate court certifies the petition because it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. § 2255; Farris v. United States, 333 F.3d 1211, 1215 n. 4 (11th Cir. 2003).

Before the undersigned may consider a successive petition, the petitioner must first obtain an Order from the Eleventh Circuit Court of Appeals authorizing the district court to review the motion. See In re Dean, 341 F.3d 1247, 1248 (11th Cir. 2003); 28 U.S.C. § 2244(b)(3). Despite petitioner's assertions to the contrary, it would appear that the arguments presented by petitioner are not properly before the Court under § 2241. Because petitioner has failed to first obtain permission from the Eleventh Circuit Court of Appeals to file a successive petition, the petition will be denied.

**II.**

"Under the savings clause of § 2255, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.), cert. denied, 540 U.S. 900 (2003). The burden of showing the inadequacy or ineffectiveness of a motion under § 2255 rests on the petitioner. Jeffers 253 F.3d at 830.

The Eleventh Circuit Court of Appeals has interpreted the savings clause to apply when: "(1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255." Sawyer, 326 F.3d at 1365(citing Wofford v. Scott, 177 F.3d 1236, 1243 (11th Cir. 1999)); Bailey v. Warden, FCI Miami, Grayer, 2005 WL 2009041, *1 (11th Cir. Aug. 23, 2005).

To the extent that petitioner asserts that the sentencing guidelines are unconstitutional and that Blakely applies retroactively, these arguments are unfounded. The Eleventh Circuit has found Blakely not to be retroactive for purposes of collateral review. In re Dean, 375 F.3d 1287, 1288 (11th Cir. 2004). The offense for which petitioner was convicted is still a crime, and petitioner proffers no evidence that conspiracy to distribute is nonexistent or no longer a crime; and petitioner's arguments could

have been and should have been presented on direct appeal, however, petitioner failed to file a direct appeal.

The Court finds that petitioner has failed to satisfy the three criteria under Wofford, and therefore, petitioner has failed to demonstrate that § 2255 habeas relief was inadequate or ineffective.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Petitioner's "Writ" is **DISMISSED**. The Clerk is directed to close this case, terminate all pending motions, and enter judgment against Petitioner. The Clerk is also directed to place a copy of this Order and the associated Judgment in the corresponding criminal case (2:02-cr-56-FTM-29DNF).

**DONE** and **ORDERED** in Fort Myers, Florida, this __31st__ day of October 2005.

_____
JOHN E. STEELE
United States District Judge

Copies to:
All parties of record
SA/as